UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA BILLUPS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| DEUSTCHE BANK NATIONAL TRUST ) | |
| COMPANY AS TRUSTTEE FOR THE ) | |
| BENEFIT OF THE CERTIFICATE ) | Case No. 15-cv-3165 |
| HOLDERS OF POPULAR ABS, INC. ) | |
| MORTGAGE PASS-THROUGH ) | Judge John W. Darrah |
| CERTIFICATES SERIES 2007-A; ) | |
| RANDALL S. MILLER & ASSOCIATES; ) | |
| MORTGAGE ELECTRONIC ) | |
| REGISTRATION SYSTEMS, INC.; and ) | |
| MERSCORP HOLDINGS INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

On October 26, 2015, Plaintiff filed a First Amended Complaint ("FAC") against Deustche Bank National Trust Company as a Trustee for the Benefit of the Certificate Holders of Popular ABS, Inc. Mortgage Pass-Through Certificates Series 2007-A ("Deutsche"); Mortgage Electronic Registration Systems, Inc. ("MERS"); Merscorp Holdings Inc.[1]; and Randall S. Miller & Associates ("Miller").[2] The FAC alleges several claims related to a mortgage and subsequent foreclosure on Plaintiff's residence: Count I requests a declaratory judgment that Deutsche does not have standing to foreclose; Count II is a claim of intentional infliction of emotional distress ("IIED"); Count III claims slander of title; Count IV requests a

---

[1] Merscorp Holdings Inc. is listed as a Defendant in the First Amended Complaint but has not been served.
[2] Plaintiff also brought claims against Potestivo & Associates, Art Sriratana, Caleb J. Halberg, David F. Pustilnik, and Anoulu Fasoranti but dismissed those Defendants with prejudice on February 29, 2016. (Dkt. 101.)

decree to quiet title; Count V also requests declaratory relief of whether any Defendant has authority to foreclose on Plaintiff's residence; Count VI claims a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.*; and Count VII claims a violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.* Federal jurisdiction is based on these latter two claims. Defendants Deutsche and MERS filed a Motion to Dismiss [87] pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1). Defendant Miller also filed a Motion to Dismiss [84] pursuant to 12(b)(6) and (12)(b)(1). For the reasons discussed below, Defendants Deutsche and MERS's Motion to Dismiss [87] and Defendant Miller's Motion to Dismiss [84] are granted in part and denied in part.

## BACKGROUND

Plaintiff is an Illinois resident and the owner of a property located at 4136 Lakeview Drive, Country Club Hills, IL, 60478. (FAC, ¶¶ 1, 7.) Defendant Deutsche is a National Banking Association with its principal place of business in California. (*Id.* ¶ 2.) Defendant MERS is a Delaware corporation with its headquarters in Virginia. (*Id.* ¶ 3.) Defendant Miller is an Illinois law firm with its principal place of business in Chicago. (*Id.* ¶ 4.) On March 8, 2007, Plainitff obtained a $281,790.00 mortgage loan from Equity One, Inc., which was secured by Plaintiff's residence at 4136 Lakeview Drive. (*Id.* ¶ 20.) Plaintiff executed a promissory note in favor of Equity One, Inc. and a mortgage that was delivered to MERS. (*Id.*) Miller drafted an Assignment of Mortgage, which was recorded with the Cook County Recorder of Deeds on August 8, 2011. (*Id.* ¶¶ 23, 32.) The Assignment of Mortgage purports to be an assignment by MERS to Deutsche. (*Id.* ¶ 23.) Miller made repeated requests of Plaintiff to

make payments to Deutsche.³ (*Id.* ¶ 32.) On June 4, 2012, Miller, on behalf of Deutsche, instituted a foreclosure action against Plaintiff in the Circuit Court of Cook County. (*Id.* ¶ 27.) On April 17, 2014, Deutsche and its agents pulled Plaintiff's credit report from Experian Credit Bureau. (*Id.* ¶ 33.)

### LEGAL STANDARD

A defendant may move to dismiss a case for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Fed. R. Civ. P. 12(b)(1). When a party moves to dismiss based on lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court must accept all well-pleaded facts within the complaint as true but may also consider evidence outside of the pleadings to ensure jurisdiction is proper. *Evers v. Astrue*, 536 F.3d 651, 656-57 (7th Cir. 2008) (citing *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007)). "The burden of proof on a 12(b)(1) issue is on the party asserting jurisdiction." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003), *overruled on other grounds by Minn-Chem, Inc. v. Agrium, Inc.*, 683 F.3d 845 (7th Cir. 2012).

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must allege enough facts to support a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). Facial plausibility exists when the court can "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). All well-pleaded allegations are presumed to be true, and all inferences are read in the light most favorable to the plaintiff. *Lavalais v. Village of Melrose Park,*

---

³ Plaintiff also alleges that Miller sent her a Verification of Debt letter on November 4, 2014. (FAC, ¶ 32.) However, the letter, which is attached to the FAC as Exhibit E, is from the law firm Potestivo and Associates, which, as mentioned above, has been dismissed as a party.

3

734 F.3d 629, 632 (7th Cir. 2013). This presumption is not extended to 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.' *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (quoting *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009)). Plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). But, the complaint must provide a defendant "with 'fair notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555).

## ANALYSIS

Defendants Deutsche and MERS move that Counts II, VI, and VII should be dismissed pursuant to 12(b)(6). Defendant Miller moves to dismiss Counts II, III, and VI pursuant to Rules 12(b)(6) and 12(b)(1). The Motions to dismiss the federal claims, Counts VI and VII, will be considered first.

In Count VI, Plaintiff alleges that Deutsche violated 15 U.S.C. § 1982e, which prohibits debt collectors from using any false, deceptive, or misleading representations or means in connection with the collection of a debt. 15 U.S.C. § 1982e. Defendant argues that it is not a debt collector. The FDCPA only applies to debt collectors, as defined by the statute. *See Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1059 (7th Cir. 2000) (citing 15 U.S.C. § 1692(e); *Transamerica Fin. Servs., Inc. v. Sykes*, 171 F.3d 553, 554 n. 1 (7th Cir. 1999); *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 958 (7th Cir. 1997)). Creditors are not subject to the FDCPA. *Ruth v. Triumph Partnerships*, 577 F.3d 790, 796 (7th Cir. 2009).

4

Plaintiff argues that Deutsche is a debt collector because it acquired the debt when it was in default. If an entity acquires debt in default, it is treated as a debt collector; but if it acquires debt when not in default it is treated as a creditor. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (the FDCPA "treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee, and as creditors if it was not."). Deutsche argues that it acquired the debt on or before May 1, 2007, before Plaintiff defaulted. The original mortgagee was MERS as nominee for Equity One, Inc. (FAC, Exh. C.) The mortgage was issued on March 8, 2007, and recorded on March 23, 2007. (*Id.*) However, the "Assignment of Mortgage" from MERS to Deutsche recites that it was executed on August 17, 2011, (FAC, Exh. D), after the default date of May 1, 2011. Deutsche entered into a "Pooling and Servicing Agreement" before the default date, but did not acquire the mortgage and note until after the default date. Thus, Deutsche is a debt collector for the purposes of the FDCPA for any collection actions after it acquired the defaulted debt on August 17, 2011.

Miller also argues that the statute of limitations has passed for any FDCPA claims. Actions under the FDCPA must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The statute of limitations may be considered in deciding a motion to dismiss when the relevant dates are pled in the complaint. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009). Plaintiff alleges that Miller drafted and recorded a purported assignment of the mortgage and note and filed a wrongful foreclosure action on behalf of Deutsche. (FAC ¶¶ 99-100). The last act that Miller and Deutsche committed was the filing of the foreclosure suit on June 4, 2012. Under the FDCPA statute of limitations, Plaintiff was required to file her suit by June 4, 2013.

5

Plaintiff alleges that there has been a continuing violation of the FDCPA, so the statute of limitations has not yet started to run. "The continuing violation doctrine acts as a defense to the statute of limitations . . . by delaying its accrual or start date . . . ." *Kovacs v. United States*, 614 F.3d 666, 676 (7th Cir. 2010) (internal citations omitted). However, the continuing violation doctrine does not apply to "a series of discrete acts, each of which is independently actionable, even if those acts form an overall pattern of wrongdoing." *Id.* (quoting *Rodrigue v. Olin Employees Credit Union*, 406 F.3d 434, 442 (7th Cir. 2005)). The purpose of the continuing violation doctrine is to "allow suit to be delayed until a series of wrongful acts blossoms into an injury on which suit can be brought." *Limestone Dev. Corp. v. Vill of Lemont*, 520 F.3d 797, 801 (7th Cir. 2008).

In this case, continuing to prosecute a foreclosure "is not itself a discrete debt collection activity sufficient to toll or restart the statute of limitations." *Jones v. U.S. Bank Nat. Ass'n*, No. 10 C 0008, 2011 WL 814901, at *5 (N.D. Ill. Feb. 25, 2011) (citing *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, No. 09 C 1226, 2010 WL 431484, at *4 (N.D. Ill. Jan. 29, 2010); *Woods v. Wells Fargo Fin. Bank*, No. 10–cv–219–RLY–TAB, 2010 WL 4629905, at *3 (S.D. Ind. Nov. 4, 2010) (in cases where the violation arises out of a collection lawsuit, "the FDCPA's statute of limitations begins to run . . . when the allegedly wrongful litigation begins"); *Calka v. Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (defendant's filing of an amended complaint and motion for summary judgment did not create a new FDCPA violation distinct from the initial filing of the lawsuit)). Plaintiff's injury occurred when any allegedly wrongful debt collection actions took place. Therefore, the last actionable date for the alleged FDCPA violations was June 4, 2013. Plaintiff's first Complaint was filed on April 10, 2015, well beyond the statute of limitations.

Defendants' Motions to Dismiss are granted as to Count VI.

In Count VII, Plaintiff alleges that Deutsche Bank violated 15 U.S.C. § 1681b(f) by obtaining Plaintiff's credit report without a permissible purpose. 15 U.S.C. § 1681b(f). However, Plaintiff asserts no facts as to why there was no permissible purpose to acquire her credit report. Plaintiff argues that she must only put Defendants on notice of her claims, but 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements' are not enough. *Alam*, 709 F.3d at 666 (quoting *Brooks*, 578 F.3d at 581). Further, one of the permissible purposes under § 1681(b) is "to use the [credit report] in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving . . . collection of an account of, the consumer." 15 U.S.C. § 1681b(3)(A). The foreclosure action is an attempt to collect a debt, which is a permissible purpose to obtain Plaintiff's credit report.

Defendants Deutsche and MERS's Motion to Dismiss is granted as to Count VII.

The only remaining claims arise under state law. Courts may exercise supplemental jurisdiction over state-law claims "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a). Whether to retain supplemental jurisdiction over state-law claims is a question that remains "at every stage of the litigation." *City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (internal quotations omitted). A district court may decline to exercise supplemental jurisdiction if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). Since the claims arising under federal law are dismissed, there are no claims over which this Court has original jurisdiction. There is a "sensible presumption that if the federal claims drop out before trial, the district court should relinquish jurisdiction over the state-law claims." *Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007). Therefore, the Court declines to exercise supplemental jurisdiction under § 1367(a).

## CONCLUSION

For the reasons stated above, Defendants Deutsche and MERS's Motion to Dismiss [87] and Defendant Miller's Motion to Dismiss [84] are granted in part and denied in part. Plaintiff's FDCPA and FCRA claims are dismissed without prejudice. Plaintiff's state-law claims are dismissed without prejudice to file in state court. Plaintiff may file an amended complaint within thirty days of the entry of this Order, if she can do so in compliance with Rule 11.

Date:     July 6, 2016

JOHN W. DARRAH
United States District Court Judge